UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BILL HARRIS LEONARD,**

   Petitioner(s),   **CASE NUMBER: 03-71430**
             **HONORABLE VICTORIA A. ROBERTS**

v.

**MILLICENT WARREN,**

   Respondent(s).
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

This matter is before the Court on Petitioner Bill Harris Leonard's Application for Writ of Habeas Corpus. **[Doc. 1].** Petitioner's application was referred to Magistrate Paul J. Komives, pursuant to 28 U.S.C. §636(b)(1)(B), for a Report and Recommendation ("R&R"). On January 31, 2005, Magistrate Komives issued a R&R recommending that the Court deny Petitioner's Application. **[Doc. 28].** Petitioner objects to the Magistrate's Recommendation on several grounds. **[Doc. 33].** For the reasons stated below, the Court finds that Petitioner's objections are without merit. Therefore, the Court **ADOPTS** the Magistrate's R&R and **DENIES** Petitioner's Application for Writ of Habeas Corpus.

**II. BACKGROUND**

The Court presumes the parties' familiarity with the underlying facts and procedural history, which are adequately set forth in the R&R. Therefore, only those

facts necessary to address Petitioner's objections are repeated here.

Petitioner was convicted of one count of first degree murder.  He and a Co-Defendant (Naim Abdur-Rasheed) were found guilty of beating a man to death with a baseball bat.  In his Application, Petitioner requests habeas relief because he claims that his Due Process rights were violated during trial by several acts of prosecutorial misconduct and ineffective assistance of counsel.  The Magistrate recommends that the Court reject each of Petitioner's claims of error.  Petitioner objects to the Magistrate's recommendation on three of those claims.

### III.   ARGUMENTS AND ANALYSIS

Petitioner first argues that the government engaged in prosecutorial misconduct by failing to disclose a plea agreement with government witness Latoya Bell.  Magistrate Komives recommends that the Court find that there is no evidence that Latoya Bell had a plea agreement which was not disclosed.  Petitioner objects to the Magistrate's recommendation because he contends that the Michigan Supreme Court should have ordered an evidentiary hearing on whether Ms. Bell had a "secret deal" that was not disclosed.  Petitioner, however, makes this assertion based upon what he believes is compelling circumstantial evidence that such a deal existed.  For the reasons stated by the Magistrate, the Court agrees that Petitioner has not presented persuasive evidence that the prosecution reached a "secret deal" with Ms. Bell.  Therefore, the Michigan Supreme Court's refusal to require an evidentiary hearing on this issue does not warrant habeas relief.

Petitioner next argues that the prosecutor's assertion of inconsistent, conflicting theories of guilt in the separate trials of him and his Co-Defendant was also

prosecutorial misconduct.  Specifically, the prosecutor asserted during Petitioner's trial that the Co-Defendant inflicted the first blows, but that the fatal blow was struck by Petitioner.  However, during the Co-Defendant's trial, the prosecutor argued that the Co-Defendant alone struck the fatal blow.  The Magistrate recommends that the Court find that habeas relief is not warranted on this claim because the prosecutor argued in both trials that Petitioner and his Co-Defendant aided and abetted one another.  Therefore, under Michigan law, they were both punishable as principals regardless of who struck the fatal blow.

Petitioner disputes the Magistrate's rationale.  Petitioner argues that the Magistrate's finding is only correct if he aided and abetted the Co-Defendant before-the-fact rather than after.  He argues that, if he was an accessory after-the-fact, the prosecution would have had to put on different proofs regarding intent than is required for a charge of aiding and abetting.  Moreover, Petitioner asserts that there was no evidence to support the prosecution's claim that he aided and abetted before-the-fact.  In fact, he says that he was charged as an accessory after-the-fact until he refused to testify against his Co-Defendant.  Therefore, he contends that the decision to charge him as an aider and abettor was retaliatory.

Contrary to Petitioner's assertion, the Michigan Court of Appeals' summary of the testimony presented at trial shows that there was evidence that Petitioner was involved prior to the assault.  There was testimony that Petitioner, the Co-Defendant and Ms. Bell drove from Detroit to Jackson for the purpose of assaulting the victim in retaliation for alleged threats by the victim against Ms. Bell.  *People v Leonard*, 2000 W.L. 33415969, *1 (2000).  At Ms. Bell's request, Petitioner and the Co-Defendant agreed to beat the

victim up, and they (Petitioner and the Co-Defendant) discussed different methods of killing him, including using a baseball bat. *Id.* When Petitioner and the Co-Defendant approached the house where the victim was located, Petitioner and Ms. Bell were aware that the Co-Defendant was carrying a bat. *Id.* The victim walked out of the house and the Co-Defendant swung the bat at him. When the victim ran, the Co-Defendant gave chase and the Petitioner followed. *Id.* Petitioner claimed that he intended to prevent the altercation, but he heard a smack and the victim screaming. *Id.* Petitioner said he then saw the Co-Defendant standing over the victim's body and tried to pull him away. *Id.* Petitioner claimed that he did not strike the victim with the bat, but did nudge the victim with his foot to see if he was still alive. *Id.*

Despite Petitioner's claim regarding his intent, the above evidence was sufficient to support a finding that Petitioner participated before-the-fact. Therefore, the Petitioner could have been convicted of aiding and abetting under either of the prosecution's theories. Thus, for the reasons stated by the Magistrate, the Court finds that the variations in the prosecution's theory did not deny Petitioner a fair trial. Habeas relief on this claim is denied.

Lastly, Petitioner alleges that his trial counsel was ineffective because counsel failed to call witnesses Stanley Leonard and Paul Williams, despite Petitioner's request. The Magistrate recommends that the Court find that counsel's failure to call Leonard and Williams did not amount to ineffective assistance, because their testimony was either inadmissible or was not exculpatory.

Leonard avers that he would have testified that the Co-Defendant said that he beat a man with a bat and that he thought he killed the man. The Magistrate asserts

that, because Petitioner was not mentioned, Leonard's testimony had no exculpatory value.

Williams, who is the Petitioner's nephew and the Co-Defendant's cousin, avers that he would have testified that the Co-Defendant asked, "If you hit somebody upside the head with a bat, will that kill him?" R&R at p. 17. When Williams responded affirmatively, he says that the Co-Defendant said that he chased a guy and beat him with a bat. The Co-Defendant allegedly further said that the victim was already down when the Petitioner got there and that the Petitioner tried to stop him (the Co-Defendant). The Magistrate asserts that Williams' testimony was inadmissible hearsay under MRE 801(c)[1] and 802.[2] Alternatively, the Magistrate says that the testimony may fall within the hearsay exception for statements against penal interest, but does not meet all of its requirements. See MRE 804(b)(3).[3] Under the penal interest exception, statements that are inculpatory to the declarant, but exculpatory to the accused, are

---

[1]MRE 801(c) states:

"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

[2]MRE 802 states:

Hearsay is not admissible except as provided by these rules.

[3]MRE 804(b)(3) states:

A statement which was at the time of its making so far contrary to the declarant's pecuniary or propietary interest, or so far tended to subject the declarant to civil or criminal liability or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

only admissible if they bear sufficient indicia of trustworthiness. *Id.* The Magistrate contends that Williams' statements are not sufficiently trustworthy.

Notwithstanding the admissibility of either witnesses' testimony, the Magistrate alternatively asserts that Petitioner cannot establish that he was prejudiced by the omission of Leonard and Williams' testimony because they could only raise a question regarding whether the Petitioner struck the victim with the bat. Their testimony, says the Magistrate, would not have exculpated Petitioner as an aider and abettor. Therefore, there is no reasonable probability that the outcome would have been different if the witnesses were called.

Petitioner disputes the Magistrate's finding that Williams' testimony was not sufficiently trustworthy to come within the hearsay exception for statements against penal interest. Because Williams is related to both Petitioner and the Co-Defendant, Petitioner contends that there was no reason for Williams to be biased in favor of either of them. Petitioner further asserts that Williams' testimony was relevant to his intent. If the victim was down before he arrived, Petitioner argues that the intent and malice elements of the murder charge were not met. Lastly, Petitioner asserts that both witnesses would have corroborated his statement that his involvement was limited to trying to determine if the victim was still alive after the assault was committed by the Co-Defendant.

Again, even if Leonard and Williams' testimony is presumed true and it is presumed that counsel erred in not calling them as witnesses, their testimony does not negate evidence that Petitioner acted as an aider and abettor by participating in the manner alleged prior to the assault. Therefore, Petitioner cannot establish a necessary

element of an ineffective assistance of counsel claim--that he was prejudiced by counsel's failure to call Leonard and Williams.  *Strickland v Washington*, 466 U.S. 668, 687 (1984).  Consequently, for the reasons stated by the Magistrate, the Court finds that Petitioner is not entitled to habeas relief on this claim.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** the Magistrate's R&R. Petitioner's Application for Writ of Habeas Corpus is **DENIED**.

**IT IS SO ORDERED.**

  /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  August 25, 2005

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on August 25, 2005.

s/Linda Vertriest
Deputy Clerk

---