UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILL HARRIS LEONARD,

Petitioner,

v.

MILLICENT WARRENT,

Respondent.
______________________/

CASE NO. 03-CV-71430-DT
JUDGE VICTORIA A. ROBERTS
MAGISTRATE JUDGE PAUL J. KOMIVES

**REPORT AND RECOMMENDATION**

I. RECOMMENDATION: The Court should deny petitioner's request for a certificate of appealability.

II. REPORT:

A. *Procedural Background*

Petitioner Bill Harris Leonard is a state prisoner currently confined at the Thumb Correctional Facility in Lapeer, Michigan. On April 8, 2003, petitioner filed an application for the writ of habeas corpus, challenging his 1998 state court conviction for first degree murder. On January 31, 2005, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that petitioner's claims are without merit. On August 25, 2005, the Court entered an order accepting my recommendation. On September 27, 2005, petitioner filed a notice of appeal. and a motion for a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

B. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

C. *Analysis*

1. *Prosecutorial Misconduct Claims*

In his habeas application, petitioner raised three prosecutorial misconduct claims. The Court should conclude that its resolution of each of these issues is not debatable among jurists of reason, and therefor that petitioner is not entitled to a certificate of appealability on these claims.

In his first prosecutorial misconduct claim, petitioner asserts that the prosecutor suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). As indicated in my initial Report, however, there was simply no evidence that the prosecution entered into any deal with Latoya Bell in exchange for her testimony. *See* R&R, at 8-11. More significantly, this exact claim has already been rejected by the Sixth Circuit in connection with the appeal of petitioner's codefendant from the denial of his habeas petition. *See Abdur-Rasheed v. Jones*, 100 Fed. Appx. 357, 359 (6th Cir. 2004). Accordingly, petitioner has failed to make a substantial showing of a denial of his constitutional rights in connection with this claim, and he is not entitled to a certificate of appealability.

In his second prosecutorial misconduct claim, petitioner asserts that the prosecutor unduly delayed in bringing charges against him. As explained in my previous Report, however, the delay was a result of the prosecutor first pursuing criminal charges against petitioner's codefendant, and petitioner failed to point to any evidence that the delay was motived by the prosecutor's desire to obtain a tactical advantage, *see* R&R, at 12, as is required for relief on this claim under clearly established Supreme Court law. *See United States v. Lovasco*, 431 U.S. 783, 790-95 (1977). Further, petitioner failed to identify any lost evidence or testimony as a result of the delay, another prerequisite to relief on this claim. *See* R&R, at 12. Thus, the Court's resolution of this claim is not debatable among reasonable jurists, and petitioner is not entitled to a certificate of appealability on this claim.

Finally, petitioner argued in his habeas application that the prosecutor violated his due process rights by pursuing a theory of guilt at his trial that was inconsistent with the theory pursued at his codefendant's trial. In recommending that the Court reject this claim, I explained both that there was no clearly established Supreme Court law precluding the prosecutor's alleged use of inconsistent theories, and that even under the formulation used by the Sixth Circuit in *Stumpf v. Mitchell*, 367 F.3d 594 (6th Cir. 2004), *rev'd sub nom. Bradshaw v. Stumpf*, 125 S. Ct. 2398 (2005), petitioner's claim was without merit. Petitioner is not entitled to a certificate of appealability on this claim for two reasons.

First, as indicated in my Report, it is not reasonably debatable that no clearly established Supreme Court precedent prohibits a prosecutor from using inconsistent theories to convict separate defendants. Although several courts of appeals have found that such a practice violates a criminal defendant's due process rights, the Supreme Court has never so held, as required for relief under 28 U.S.C. § 2254(d)(1). And, as the Supreme Court has made clear, a certificate of appealability under § 2253 is not available simply upon a substantial showing of the denial of a constitutional right *simpliciter*. Rather, the court considering whether to grant the certificate of appealability must also "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *accord id*. at 349-50 (Scalia, J., concurring) ("A circuit justice or judge must deny a COA, even when the habeas petitioner has made a substantial showing that his constitutional rights were violated, if all reasonable jurists would conclude that a substantive provision of the federal habeas statute bars relief."). Because it is not debatable that no clearly established Supreme Court precedent supports petitioner's claim, he is not entitled to a certificate of appealability. *See Miller-*

*El*, 537 U.S. at 350 (Scalia, J., concurring) ("To give an example, suppose a state prisoner presents a constitutional claim that reasonable jurists might find debatable, but is unable to find any 'clearly established' Supreme Court precedent in support of that claim . . . . Under the Court's view, a COA must be denied, *even if* the habeas petitioner satisfies the 'substantial showing of the denial of a constitutional right' requirement of § 2253(c)(2), because all reasonable jurists would agree that habeas relief is impossible to obtain under § 2254(d).").

Second, the Supreme Court's decision in *Stumpf*, *supra*, forecloses any reasonable debate on petitioner's claim. In *Stumpf*, the Court rejected the habeas petitioner's claim that his guilty plea to aggravated murder under Ohio law was so inconsistent with his denial of having shot the victim that he was obviously unaware of the elements of the offense, rendering his plea involuntary. The Court explained that "Stumpf's asserted inconsistency is illusory. The aggravated murder charge's intent element did not require any showing that Stumpf had himself shot Mrs. Stout. Rather, Ohio law considers aiders and abettors equally in violation of the aggravated murder statute, so long as the aiding and abetting is done with specific intent to cause death." *Stumpf*, 125 S. Ct. at 2406. For the same reason, the Court rejected the Sixth Circuit's conclusion, relied upon by petitioner here, that the prosecutor denied the petitioner his due process rights by arguing inconsistently as to who shot the victim in petitioner's case and that of his codefendant. In language directly relevant here, the Court explained:

> The Court of Appeals was also wrong to hld that prosecutorial inconsistencies between the Stumpf and Wesley cases required voiding Stumpf's guilty plea. Stumpf's assertions of inconsistency relate entirely to the prosecutor's arguments about which of the two men, Wesley or Stumpf, shot Mrs. Stout. For the reasons given above, the precise identity of the triggerman was immaterial to Stumpf's conviction for aggravated murder.

*Stumpf*, 125 S. Ct. at 2407 (citation omitted). This reasoning is directly applicable here. As

explained in my initial Report, even if petitioner did not strike the fatal blow, or any blow at all, he was equally guilty as an aider and abettor under Michigan law. *See* R&R, at 14-15. Thus, the Supreme Court's intervening decision in *Stumpf* establishes that the Court's resolution of this issue is not debatable among reasonable jurists. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability on this claim.

2. *Ineffective Assistance of Counsel Claims*

In addition to his prosecutorial misconduct claims, petitioner also raised in his habeas application two claims that his counsel rendered constitutionally inadequate assistance. The Court should conclude that petitioner is not entitled to a certificate of appealability on any of these claims.

In his first ineffective assistance claim, petitioner asserted that counsel was ineffective for failing to call Stanley Leonard and Paul Williams as witnesses. As explained in my Report, however, it was clear that Stanley Leonard could have offered no exculpatory evidence, because he would have testified only that petitioner's codefendant admitted to killing the victim. *See* R&R, at 17. This would not have exculpated petitioner as an equally culpable aider and abettor, however, *see id.*, and thus the Court's conclusion that petitioner was not prejudiced by counsel's failure to call Stanley Leonard is not debatable among reasonable jurists. Likewise, Paul Williams's testimony would only have called into question whether petitioner actually struck the fatal blow, and thus would not have exculpated petitioner as an aider and abettor. *See id.* at 18. Thus, it is not reasonably debatable that petitioner failed to establish that he was prejudiced by counsel's failure to call Paul Williams. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability with respect to this ineffective assistance claim.

In his second claim, petitioner asserted that counsel was ineffective for failing to seek

dismissal based on the delay between his arrest and arraignment, in violation of *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991). As explained in my Report, however, the Michigan courts have explicitly rejected the argument that dismissal is an appropriate remedy for a *McLaughlin* violation, and no clearly established federal law calls into question this conclusion of the Michigan courts. *See* R&R, at 19. The Court's conclusion that petitioner failed to establish that he was prejudiced by counsel's failure to seek dismissal, therefore, is not debatable among jurists of reason. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability on this claim.

D. *Conclusion*

In view of the foregoing, the Court should conclude that petitioner has failed to establish that the Court's resolution of any of his claims is debatable among reasonable jurists under § 2253(c). Accordingly, the Court should deny petitioner's motion for a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2),

a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated:12/7/05

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on December 7, 2005.

s/Eddrey Butts
Case Manager